UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:04CV634-H

| | |
|---|---|
| CAROL CROWLEY and<br>DANETTE STATON SHERIFF,<br><br>Plaintiffs,<br><br>v.<br><br>MESA AIR GROUP, INC.,<br><br>Defendant. | CONSENT PROTECTIVE ORDER |

THIS CAUSE, coming on before the undersigned Judge upon the request of Plaintiffs Carol Crowley and Danette Staton Sheriff ("Plaintiffs") and Defendant Mesa Air Group, Inc. ("Mesa") that the Court enter this Consent Protective Order. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of the parties, the Court hereby approves and enters the following Protective Order:

1. Where information or documents are produced or provided by parties to this Consent Protective Order (this "Order"), or by nonparties served with subpoenas seeking production of documents or providing deposition testimony, and where a party or such nonparty believes in good faith such information or documents to be confidential, then such party or such nonparty (the "Designating Person") may designate such information or documents as confidential ("Confidential Information"), and such Confidential Information and all copies thereof shall be treated as confidential by the parties, subject to the other provisions of this Order. Information may be designated as "Confidential Information" if it is not publicly discoverable or available and if it relates to the Designating Person's financial or commercial

interests, or other sensitive, personal, or proprietary information, the disclosure of which may be prejudicial to the interests of any person. Nothing in this Order shall prevent any party from challenging the designation of any documents or information as confidential.

2. The designation of any information as "Confidential Information" shall not constitute an admission by anyone or an adjudication that such material in fact constitutes or contains any trade secrets or is otherwise private, confidential or proprietary information.

3. All Confidential Information shall be used solely in connection with the Litigation and for no other purpose. Access to information or documents designated "Confidential Information" shall be restricted solely to the following persons unless and until this Court rules that any so identified information or documents are not confidential or are required to be disclosed beyond the limits permitted by this Order:

    (a) The attorneys for the parties in this action and their legal, paralegal and clerical assistants;

    (b) The in-house, counsel of any party;

    (c) The court and court personnel and reporters as required in the course of a deposition or court proceeding;

    (d) Any person called or to be called as a witness at a deposition or the trial in this action (but only in the course of the witness' testimony, such documents not to be retained by the witness);

    (e) Any experts or consultants retained by the parties or their legal counsel, together with such experts' or consultants' clerical assistants;

(f) Any party or officer, director, employee or partner of a party, to whom disclosure (in the judgment of litigation counsel) is needed to assist litigation counsel in the preparation for and/or trial of this action; and

(g) The attorneys for any nonparties who may testify at trial or deposition in this action by either agreement, subpoena or an order of the Court, and their legal, paralegal and clerical employees, but only in the course of the witness' testimony, such documents not to be retained by counsel for such nonparties).

4. No party shall disclose the existence of any materials designated as "Confidential Information" to any person except as provided in Paragraph 3 of this Order.

5. Before any Confidential Information is disclosed to any person under Paragraphs 3(d), (e), (0 or (g) of this Order, each such person shall be given a copy of this Order and shall execute a copy of the form attached• hereto as Exhibit A ("Confidentiality Agreement"). Confidentiality Agreements shall be retained by the party disclosing Confidential Information to such person. Any party or non party may be shown its own Confidential Information, including Confidential Information such party or nonparty created or previously received, without execution of a Confidentiality Agreement. Confidential Information may be disclosed only to the extent reasonably necessary to enable the person to assist in the prosecution or defense of the Litigation.

6. If a party wishes to designate discovery materials (including but not limited to documents, answers to interrogatories, or other things or information produced in discovery in the Litigation) or any portion thereof as "Confidential Information," that party shall designate such materials as "Confidential Information" at or about the time of production by stamping the

materials with the designation "Confidential" or by using some substantially similar designation. Only discovery materials containing Confidential Information may be designated "Confidential." Deposition testimony may be designated "Confidential Information" as provided in the following paragraph. In the event that a party or nonparty inadvertently fails to stamp or otherwise designate a document, interrogatory answer, response to request to admit, or information as Confidential Information at the time of production, that party shall stamp or otherwise designate the document or other information within a reasonable period of time; for this purpose, fifteen (15) days shall be presumed to be a reasonable period of time but the Court may permit a longer period if circumstances warrant. The Designating Person's counsel shall advise opposing counsel in writing that such previously produced information, should have been designated Confidential Information, and shall simultaneously deliver to opposing counsel a correctly stamped copy of the document. Promptly upon delivery and receipt of such notice, counsel and opposing counsel shall destroy all copies of such previously produced non-designated or erroneously designated document, and shall certify to each other in writing that they have done so.

7. At the time of a deposition or within thirty (30) days after receipt of a deposition transcript, a party may designate as "Confidential Information" specific portions of the transcript that contain Confidential matters. The designation shall be made on the record or in writing, setting forth the designated page numbers and lines from the deposition transcript, and shall be served upon all counsel. All transcripts will be treated as being designated "Confidential Information" for this thirty (30) day period or for such longer time frame as the parties may agree in writing. Any portions of the transcript designated "Confidential" shall thereafter be treated as a "Confidential Information" in accordance with this Order.

8. If any party disagrees with the designation of any Confidential Information, such party shall provide to the designating party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of establishing that information has been properly designated as Confidential Information is on the party making such designation. A document, thing, or information designated as Confidential Information shall be treated as so designated unless and until the Court directs otherwise.

9. The inadvertent or unintentional disclosure by the Designating Person of information under this Consent Protective Order shall be treated in accord with the Revised Rules of Professional Conduct of the North Carolina State Bar.

10. All parties to this Order hereby agree to the restrictions imposed by this Order and to submit his or her person to the jurisdiction of the above titled Court for the limited purpose of securing compliance with the terms of this Order.

11. Counsel for any party, person, or entity who obtains or gains access to Confidential Information—whether directly or indirectly, by viewing the materials or by learning of their contents by oral disclosure or any other means—shall maintain, possess, and control such Confidential Information in a manner such that it is not accessible to individuals not bound by this Order. Such counsel shall not, in any way, communicate such Confidential Information to persons or entities not authorized to have access to such Confidential Information.

12. In the event a party wishes to use any Confidential Information in any pleading or document filed with the Court in this action, the pleading or documents containing such

Confidential Information shall, until such time as the Court orders otherwise, be used and filed under seal, and marked with the following legend:

CONFIDENTIAL MATERIAL

FILED UNDER SEAL

The material herein is filed under seal and shall not be opened or disclosed except by the Court or by order of the Court in this action. The material herein is subject to the provisions of a Consent Protective Order dated _____ filed in Carol Crowley and Danette Staton Sheriff v. Mesa Air Group, Inc., U.S. District Court for the Western District of North Carolina (Civil Action No. 3:04CV634-H).

Copies of any motion, pleading, memorandum, or other document containing Confidential Information shall be stamped on the cover page with the appropriate legend and shall specify under the legend the pages of the document containing such material and/or testimony.

13. The failure of any party to object to the designation of information as Confidential Information does not prevent the party from later objecting to this designation and requesting that the party be permitted to disclose the information without regard to the terms of this Order.

14. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in this action. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this case and such right is expressly reserved.

15. This Order shall survive any settlement, judgment or other disposition or conclusion of this action and all appeals therefrom and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Not more than forty five (45) days after

the final termination of this action, whether by final judgment, or settlement, including the expiration of any time for appeal:

(a) Litigation counsel for each party, and each party, person or entity who obtained Confidential Information subject to this Order, shall immediately destroy all such Confidential Information in its possession, custody or subject to its control, except that all such material constituting the work product of litigation counsel may, in the alternative, be maintained by such counsel in its possession subject to this Order; and

(b) Subject to the terms of this Order, the parties and their counsel may retain copies of briefs and other papers filed with the Court which contain or constitute such Confidential Information. Any such briefs and other papers shall continue to be treated pursuant to the terms of this Order.

16. Nothing in this Order shall prevent a party who has designated information as Confidential Information from agreeing to release any of the Confidential Information from the requirements of this Order.

17. Nothing in this Order shall prevent the parties from agreeing to amend this Order nor shall it prejudice in any way the rights of a party or nonparty to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

18. This Order may be modified or amended by the Parties, subject to approval of the Court, provided it is in the form of an agreed motion that shall be filed and made a part of the record in this case.

19. This Order may be signed by the parties in counterparts.

This is the 18 day of July, 2005.

_____
Carl Horn, III
Presiding Judge

WE CONSENT:

_____
Louis L. Lesesne, Jr.
Attorney For Plaintiffs Carol Crowley and Danette Staton Sheriff

_____
Jeffrey J. Davis
Attorney For Defendant Mesa Air Group, Inc.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:04CV634-H

| | | |
|---|---|---|
| CAROL CROWLEY and<br>DANETTE STATON SHERIFF, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | **EXHIBIT A**<br>**CONFIDENTIALITY AGREEMENT** |
| vi. | )<br>) | |
| MESA AIR GROUP, INC., | )<br>)<br>) | |
| Defendant. | ) | |

## CERTIFICATION

The undersigned hereby certifies that he/she has read the Consent Protective Order entered by the Court in this action and agrees to be bound by its terms and conditions.

_____

Name: _____

Date: _____